**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                   **PLAINTIFF**

**V.**                              **CASE NO. 5:19-CR-50037**

**CHARLIE FOSTER**                                                          **DEFENDANT**

**OPINION AND ORDER ADOPTING R&R**

Now before the Court are Defendant Charlie Foster's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 50), the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 66), Defendant's Objection to the Magistrate Judge's Report and Recommendations (Doc. 67), and Foster's Motion for Update (Doc. 68). Foster's § 2255 Motion challenges the application of the Armed Career Criminal Act ("ACCA") at his sentencing. He argues that his prior convictions cannot serve as predicate offenses under the ACCA because the Arkansas statute under which he was convicted was categorically overbroad because it criminalized more isomers of methamphetamine than did the relevant federal law.

In October 2019, Foster pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to pleading guilty, Foster filed a motion to suppress, which this Court denied. The Court sentenced Foster in January 2020 to 210 months imprisonment, three years supervised release, a $9,900.00 fine, and a $100 special assessment. At sentencing, the Court applied the ACCA, which sets a statutory minimum term of 15 years imprisonment and a maximum term of life for defendants who have at least three previous convictions for violent felonies or serious

1

drug offenses. *See* 18 U.S.C. § 924(e). Foster did not object to the application of the ACCA at sentencing.

Foster appealed to the Eighth Circuit, arguing that this Court erred in denying his motion to suppress; again, he did not raise any issue with the ACCA enhancement. *See* Doc. 66, pp. 4–5 (R&R); Doc. 38 & 47-1. On October 12, 2021, the Eighth Circuit affirmed the Court's suppression ruling. *See id.* at p. 5; Docs. 47, 47-1, 47-2. Foster then filed a Petition for Writ of Certiorari before the Supreme Court, which was denied on March 28, 2022. *See* Doc. 66, p. 5 (R&R); Docs. 48 & 49.

Foster filed his § 2255 Motion *pro se* on August 14, 2023. *See* Doc. 50. The Government responded on September 27, 2023. *See* Doc. 53. Foster was appointed counsel on March 6, 2024, *see* Doc. 56, and an evidentiary hearing was held on July 26, 2024, *see* Doc. 65. Magistrate Judge Mark E. Ford then issued his R&R on January 30, 2025.

In Foster's § 2255 Motion, he argues ineffective assistance of counsel on the basis that his attorney (1) failed to properly advise him of his status under the ACCA and (2) failed to challenge his prior Arkansas drug convictions as predicate offenses under the ACCA. *See* Docs. 50 & 50-1. Foster has two previous convictions from 2008 for Delivery of a Controlled Substance (Methamphetamine) under Arkansas Code § 5-64-401. *See* Doc. 33, ¶¶ 59 & 63; Doc. 53-1, p. 1 (Judgment and Commitment Order listing two counts of delivery on 07/25/07 and 08/13/07); Doc. 53-1, p. 2 (Judgment and Commitment Order listing one count of delivery on 08/28/07). Foster argues that the state statute of conviction is broader than its federal counterpart because Arkansas criminalized *all* isomers of methamphetamine, whereas federal law only criminalized "optical" isomers. *See* Doc. 50-

2

1, pp. 17–18. Foster argues that a case by Judge Brian Miller in the Eastern District of Arkansas, *United States v. Lee*, 2023 U.S. Dist. LEXIS 26735 (E.D. Ark. Feb. 16, 2023), alerted him to this argument but that his attorney should have been aware of such an argument at sentencing. *See* Doc. 50-1, pp. 16–19. Judge Ford determined that Foster's § 2255 Motion was untimely and that his grounds for relief were unsupported by the record. *See* Doc. 66, p. 20 (R&R). Judge Ford recommends dismissing the Motion with prejudice but that any request for a certificate of appealability be granted. *Id.* Foster timely filed an Objection to the R&R (Doc. 67), and this Court conducted a de novo review. 28 U.S.C. § 636(b)(1)(c).

Foster's Objection is not a model of clarity. Foster explains that he is "not now challenging the effectiveness of his counsel at the time of said sentencing, but rather [is] relying on the fact that the science hasn't changed at any time," and that Judge Miller's opinion in *Lee* "merely shined a light on the science." (Doc. 67, p. 6). The Court takes this to mean that Foster no longer seeks relief on a theory of ineffective assistance of counsel. The Objection goes on to argue that actual innocence provides an exception to the statute of limitations, which the Court construes to be the asserted argument for requesting the Court vacate, set aside, or correct the sentence as well.[1] *See id.* at pp. 6–7.

---

[1] The Objection seems to misunderstand the categorical approach—the driving force behind Foster's initial § 2255 Motion. Foster's *pro se* Motion sought to vacate, set aside, or correct his sentence on the grounds that his predicate offenses for ACCA purposes were categorically broader than the federal counterparts. That is a matter of *legal* analysis. Foster's Objection seems to argue that Foster is seeking relief based on a *scientific* analysis. But the categorical approach, even when applied to isomers, is a matter of legal analysis, not science. Indeed, the categorical approach's reliance on "reality-defying distinctions" is one of its oft recognized faults. *United States v. Escalante*, 933 F.3d 395, 407 (5th Cir. 2019).

Here, the Court adopts Judge Ford's R&R and finds the Eighth Circuit's decision in *United States v. Meux*, 918 F.3d 589 (8th Cir. 2019), is dispositive in this matter.

As to timeliness, Foster does not contest that he is outside the one-year statute of limitations set forth in § 2255(f) and that no statutory or equitable tolling applies. *See* Doc. 50-1, pp. 4–5; Doc. 67, p. 6. He argues, however, that he is entitled to the "actual innocence" equitable exception to the statute of limitations. *See* Doc. 50-1, pp. 4–5; Doc. 67, p. 6. Under this exception, "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (citation omitted).

Foster's timeliness argument fails for the same reason his argument as to ineffective assistance of counsel and actual innocence fail: Under Eighth Circuit case law, the state statute of conviction is a predicate offense under the ACCA. *Meux*, 918 F.3d at 591.

The Eighth Circuit held in *Meux* that Arkansas Code § 5-64-401 is divisible and, thus, the modified categorical approach applies. *Id.* at 591. Under the modified categorical approach, a court may look to certain documents, such as the judgment, as permitted by *Shepard v. United States*, 544 U.S. 13, 26 (2005). Here, the *Shepard* documents show that Foster's convictions under § 5-64-401 were Class Y Felonies, which means he was convicted under subsection (a)(1)(ii) of § 5-64-401 because, at the time of the state offenses, this was the only provision that constituted a Class Y Felony. *See* Doc. 33, ¶¶ 59

4

& 63 (PSR showing offense conduct occurred in 2007). In *Meux*, the Eighth Circuit held that § 5-64-401(a) qualifies as a "serious drug offense" under the ACCA. 918 F.3d at 591. District courts in the Eastern and Western Districts of Arkansas have followed *Meux* in denying § 2255 motions where the predicate ACCA offenses were delivery of methamphetamine under § 5-64-401(a). *See United States v. Holdford*, 2024 WL 4350792 (E.D. Ark. Sept. 30, 2024) (Chief Judge Kristine Baker) (rejecting ineffective assistance of counsel argument); *United States v. Pyles*, 2021 WL 2533522 (W.D. Ark. June 21, 2021) (Judge P.K. Holmes III) (rejecting ineffective assistance of counsel and actual innocence).[2]

---

[2] Recently, this Court issued a Memorandum Opinion and Order in *United States v. Farmer*, Case No. 5:23-CR-50014, ECF 84. There, the defendant argued the ACCA did not apply because the defendant's prior 2002 convictions for cocaine under § 5-64-401(a) could not serve as predicate offenses because the state definition of cocaine was overly broad. The Court found *Meux* to be binding with regard to predicate offenses under § 5-64-401(a), but it noted concerns with *Meux*'s ongoing applicability. Primarily, the Court explained why *Meux* appears to be inconsistent with more recent Eighth Circuit cases that have used the categorical approach to determine that certain drug convictions under Missouri and Minnesota state law were overly broad because the states criminalized more isomers of the drug than the federal schedules; Foster cited these cases in his initial § 2255 Motion. *See, e.g.*, *United States v. Myers*, 56 F.4th 595 (8th Cir. 2022); *United State v. Owen*, 51 F.4th 292 (8th Cir. 2022). The Court also noted that *Myers* and *Owen* came out shortly after another Eighth Circuit case called *United States v. Perez*, 46 F.4th 691 (8th Cir. 2022), which explained that "the categorical approach requires comparison of the state drug schedule at the time of the prior state offense to the federal schedule . . . ." *Id.* at 700. *Meux* did not conduct a drug schedule comparison. *See* 918 F.3d at 591–92.

The Court also discussed how the Supreme Court's decision in *Brown v. United States*, 602 U.S. 101 (2024), confirmed that a drug schedule comparison is the correct approach: "[U]nder § 924 past state drug possession offenses may qualify as ACCA predicates if the federal and state schedules matched when the state crimes occurred." *Id.* at 120, 123. Additionally, in *Holdford*, Chief Judge Baker acknowledged that the Supreme Court's decision in *Brown* "calls into question the analysis and holding of *Meux* as it relates to methamphetamine convictions in the State of Arkansas qualifying as predicate ACCA offenses." 2024 WL 4350792, n.2.

Because, under *Meux*, § 5-64-401(a) constitutes a serious drug offense for purposes of the ACCA, Foster is not entitled to the actual innocence exception to the statute of limitations. Therefore, his § 2255 Motion is untimely. For these same reasons, even if the Motion were timely, there would not be grounds to vacate, set aside, or correct Foster's sentence under a theory of ineffective assistance of counsel—because counsel's performance was not deficient and there was no prejudice, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984)—or actual innocence. Accordingly, the Magistrate Judge's R&R (Doc. 66) is **ADOPTED IN ITS ENTIRETY**, the Objection (Doc. 67) is **OVERRULED**, and Foster's § 2255 Motion (Doc. 50) is **DENIED WITH PREJUDICE**. Foster's Motion for Update (Doc. 68) is **MOOT** due to the resolution of his § 2255 Motion and Objection.[3]

**IT IS SO ORDERED** on this 22nd day of August, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

Whether the ACCA was properly applied here is material. *See Lofton v. United States*, 920 F.3d 572, 576–77 (8th Cir. 2019) (a sentence carrying an illegal ACCA enhancement presented a "miscarriage of justice" that § 2255 permitted the court to correct, even though the claim was procedurally defaulted); *see also Jones v. Arkansas*, 929 F.2d 375, 381 (8th Cir. 1991) ("If one is 'actually innocent' of the sentence imposed, a federal habeas court can excuse the procedural default to correct a fundamentally unjust incarceration." (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986) (other citations omitted)). However, the Court believes revisiting *Meux* is best left to the Circuit Court here. *See Bierman v. Dayton*, 900 F.3d 570, 574 (8th Cir. 2018) ("[W]here a precedent . . . has direct application in a case, [the court] should follow it, even if a later decision arguably undermines some of its reasoning." (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)).

[3] The Government also asks the Court to deny any request for a certificate of appealability, *see* 28 U.S.C. § 2253(c). The Court will not preemptively deny such a request, particularly in light of the complexities here. *See supra* n.1. Judge Ford stated in his R&R that he believed a certificate of appealability in this case would be appropriate, and he recommends one be granted should Foster appeal. (Doc. 66, pp. 19–20).